James PECK, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 76 Civ. 983 (CES).

United States District Court,
S. D. New York.

Aug. 17, 1981.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York City, for plaintiff; Edward Copeland, Eric M. Lieberman, Lewis A. Kornhauser, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., for defendant; Peter C. Salerno, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM DECISION

STEWART, District Judge:

The defendant moves for reargument of our Memorandum Decision of May 1, 1981 ordering disclosure of portions of the Task Force Report on Gary Thomas Rowe, Jr. ("Rowe Report"). 514 F.Supp. 210. Defendant asserts several grounds for reargument: (1) the official information privilege cannot, as a matter of law, be waived; (2) the official information privilege was not waived in this case; and (3) the decision failed to take into account the informant's privilege in granting "full disclosure of the relevant portions of the Rowe Report." Alternatively, defendant sought a stay of our order pending the outcome of an appeal in *Playboy Enterprises, Inc. v. United States Department of Justice*, 516 F.Supp. 233 (D.D.C.1981), which ordered almost the entire Rowe Report disclosed pursuant to a Freedom of Information Act request. *See* 5 U.S.C. § 552(b)(5) (1976).

 We are unpersuaded that the official information privilege cannot be waived. The leading treaties on evidence would treat the official information privilege precisely as it would other common law privileges. *See* 8 Wigmore, Evidence § 2379 (McNaughton rev. 1961). Thus, waiver of the official information privilege may be predicated on "implied intention" or "the objective consideration that when [a party's] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not." *Id.* § 2327. *See also* McCormick, Evidence § 93 (2d ed. 1972).

 In support of its contention that the official information privilege was not waived in the present case, the defendant filed a supplemental declaration of a Special Assistant to former Attorney General Civiletti. The declaration states that two summaries were prepared—one for public release and one for internal Department of Justice purposes. The declaration also states "[a]t no time was it considered that the work product of the [Office of Professional Responsibility] task force itself would be released to the public; that document was intended to form the basis for the Attorney General's decisions, including his decision on which matters were appropriate for public release." This information does not alter the outcome of our prior decision. The test for waiver is essentially an objective one, and the intent of the party who made partial disclosure concerning the remainder of the privileged matter is not dispositive.

By Supplemental Memorandum of July 22, 1981, the government also suggests that the work-product doctrine and the privilege for investigative and law enforcement records bar any disclosure of the Rowe Report. Additionally, the government seeks to prevent disclosure of transcripts of Grand Jury testimony. None of these theories protect the portions of the Rowe Report that we ordered disclosed.

 It was an oversight, however, not to reaffirm a holding of our first decision on the Rowe Report recognizing the informant privilege "to preclude the release of material in that Report that would jeopardize the physical safety of present and former informants of the FBI." *Peck v. United States*, 88 F.R.D. 65, 73 (S.D.N.Y.1980). Thus, the Memorandum Decision of May 1, 1981 should not be construed to require the disclosure of informants or third parties supplying confidential information to the FBI. There is no privilege to protect the names or identifying data of FBI agents who were not acting in undercover capacities and were not furnishing confidential information.

 Finally, a stay is deemed necessary by the defendant in order to avoid

"mooting" the appeal of *Playboy Enterprises.* The mootness doctrine requires that an actual case or controversy exist at all stages of the action. *See, e. g., DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). Considerations of comity may indicate that a stay is appropriate where two pending federal suits involve common parties and issues. *See State of North Carolina v. Department of Health, Education and Welfare,* 480 F.Supp. 929, 932 (E.D.N.C.1979). A comparison of the holdings of our case and *Playboy Enterprises* shows that our decision will have very little, if any, impact on the outcome of the appeal. We ordered disclosed some 61 pages of the Rowe Report. *Playboy Enterprises* ordered almost the entire text and appendices disclosed—over 300 pages of material. Our decision requiring disclosure of a small portion of the Rowe Report would not affect the appeal concerning the majority of the Report. *Playboy Enterprises* held that the Rowe Report was not deliberative, in large measure, and was not privileged. At 238–243. Our initial decision in this matter reached a conclusion contrary to this aspect of *Playboy Enterprises. See* 88 F.R.D. 65, 74 (S.D.N.Y.1980). However, our subsequent decision was explicitly based on the theory that publication of the "Summary of Results of the Department of Justice Task Force Investigation on Gary Thomas Rowe, Jr." waived the qualified official information privilege. Waiver is not at issue in the District of Columbia case. Thus, the legal questions on appeal in *Playboy Enterprises* have no relationship to our case.

■ To avoid any potential prejudice to the defendant, we may order the relevant portions of the Rowe Report disclosed under a protective order. *See Kinoy v. Mitchell,* 67 F.R.D. 1, 11 (S.D.N.Y.1975); Fed.R. Civ.P. 26(c). Although we see little need for a stay of disclosure, there is reason for a limited protective order. Plaintiff is not prejudiced in any way by an order providing for immediate disclosure with guarantees of confidentiality. Plaintiff can continue preparations for trial. Defendant shall submit a proposed protective order within ten days of the issuance of this decision.

In sum, defendants' motion for reargument is granted in part and otherwise denied and the motion for a stay is denied. The required disclosure shall be made subject to a protective order temporarily assuring the confidentiality of the Rowe Report.

SO ORDERED.